This is a vehicular damage case.
Mr. Bibb, the defendant, was served with a copy of the summons and complaint. He appeared in the district court on May 22, 1980, the date on which the case was set for trial, when that court dismissed the case against him for lack of prosecution. Without a written motion being filed on behalf of the plaintiff and without any notice to the defendant, the district court entered the following judgment on January 13, 1981, "For good cause shown, case reinstated." Ultimately, monetary judgments were rendered against the defendant in the district court as well as in the circuit court upon an appeal to that court by the defendant. It is not essential to burden this opinion with a recital of the tedious history of this case since the primary pivotal question concerns the validity of the January 13, 1981 judgment of the district court.
Insofar as the record discloses, the May 22, 1980 judgment of dismissal operated as an adjudication upon the merits of the case under A.R.C.P. 41 (b), and it was a final judgment.
The district court had only fourteen days after May 22 within which it was authorized to set that judgment aside ex mero motu. Because of the long lapse of time between the final judgment of dismissal and the January 13 reinstatement judgment, the resurrection of the case could not have validly occurred by means of an A.R.C.P. 59 motion, for that rule requires such a motion to be filed within fourteen days after the entry of the judgment; and A.R.C.P. 59.1 would have required that such a post-trial motion not remain pending in the district court longer than fourteen days without being ruled upon before being automatically overruled by operation of law.
Thus, the granted relief must have been predicated upon A.R.C.P. 60 (b) grounds. Thereunder, a motion, or an independent action, is required to be made in writing. A.R.C.P. 7 (b)(1). Here, there was no written motion — in fact, the record in the district court is devoid of even the slightest mention of any motion whatsoever in that regard, written or oral. In the absence of a timely filed rule 60 (b) motion, or independent action, the district court, at that late date, had lost all authority to render and enter the January 13, 1981 judgment. Without proper and timely proceedings having been filed on the plaintiffs' behalf, the district court lost jurisdiction over the subject matter to, in substance, set aside the May 22 judgment and reinstate the case. Having lost jurisdiction over the subject matter, all subsequent monetary judgments of the district court and of the circuit court against the defendant were unauthorized and void. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." A.R.C.P. 12 (h)(3). The defendant questioned the validity of the January 13 *Page 208 
judgment in the district court, in the circuit court and in this court. However, in any event, lack of jurisdiction over the subject matter is not waivable and may be raised ex mero motu by either a trial court or by an appellate court. 5 Wright and Miller, Federal Practice and Procedure, Civil § 1393.
A void judgment will not support an appeal. 2 Ala. Digest,Appeal Error Key No. 112. For the reasons previously stated, the monetary judgment rendered against the defendant in the district court was void and the circuit court should have dismissed the appeal on that ground, for a trial de novo in the circuit court did not remedy that problem. That lack of jurisdiction over the subject matter constituted a continuing defect that taints and pursues the proceedings even to this court on appeal. Accordingly, we are, likewise, required to dismiss this appeal. A.R.C.P. 12 (h)(3); 5 Wright and Miller,Federal Practice and Procedure, Civil § 1393.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.