This is an account case.
After a trial a final judgment was rendered and entered onSeptember 17, 1982 by the small claims court in favor of Mr. Townson, the plaintiff, for $400. No post-judgment motion was filed. The defendant's notice of appeal to the circuit court was filed on October 7, 1982. That typewritten notice erroneously stated that the date of the judgment appealed from was September 27, 1982. The true date of the entry of the judgment of the small claims court, September 17, 1982, most certainly prevails over the defendant's designation of a false, erroneous, or mistaken judgment date in his notice of appeal.
Contrary to the requirements of section 12-12-70 (a), Code 1975, the defendant did not file his notice of appeal to the circuit court within fourteen days from the date of the judgment in the small claims court. The taking of an appeal within the time specified by the statute is essential to perfect the appeal and is jurisdictional. Crawford v. Ray Pearman Lincoln Mercury, 420 So.2d 269 (Ala.Civ.App. 1982);Moutry v. State, 359 So.2d 388 (Ala.Civ.App. 1978). Since the appeal was not timely taken, the circuit court had no jurisdiction over the *Page 1306 
appeal; that is, it had no jurisdiction over the subject matter. Because of such lack of jurisdiction, the final judgment for Mr. Townson for $800 as entered by the circuit court was void and will not support the appeal to this court. That lack of jurisdiction follows from the circuit court even to the appeal taken to this court for "[w]henever it appears by suggestion of the parties or otherwise that the court lacksjurisdiction of the subject matter, the court shall dismiss the action." Rule 12 (h)(3), Alabama Rules of Civil Procedure (emphasis supplied); Bibb v. Boyd, 417 So.2d 206 (Ala.Civ.App. 1982). Since jurisdiction over the subject matter may not be waived and since this court observed that jurisdictional defect in the record on appeal, the appeal in this case must be dismissed. Bibb v. Boyd, supra.
We realize that, in a sense, the defendant, who filed the false, erroneous, inaccurate or mistaken notice of appeal, is being rewarded since the small claims court's judgment will stand and since the larger judgment of the circuit court would have been affirmed by this court upon its merits; however, for the foregoing reasons, neither the circuit court nor this court had, or has, any jurisdiction to proceed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.