This is a child support modification case. *Page 299 
William N. Dismukes and Connie S. Dorsey were divorced by the Circuit Court of Autauga County on April 26, 1988. The divorce judgment adopted an agreement between the parties that placed custody of two of the parties' three daughters with Dorsey and custody of the middle daughter with Dismukes for one year. The agreement provided that Dismukes would pay Dorsey $358 per month as child support and an additional $100 per month whenever the middle child was in Dorsey's custody.
In August 1990, the parties were again before the Autauga Circuit Court on Dorsey's petition to modify child support and her petition to hold Dismukes in contempt for nonpayment of child support. The circuit court found Dismukes in arrears in his child support obligation, ordered him to pay $50 monthly toward the arrearage, and modified his child support obligation to require him to pay $590 per month.
On January 10, 1994, the Autauga County DHR filed a contempt petition against Dismukes for nonpayment of support in the Autauga County Juvenile Court, which is a division of the district court. On December 2, 1994, the juvenile court entered its order finding Dismukes in arrears, but also found that the arrearage was not willful. The juvenile court ordered Dismukes to pay $100 per month towards the arrearage and reduced his monthly child support obligation to $474; the order stated that this figure was determined based on Dorsey's 1989 earnings, which the trial court found indicative of her ability to earn, and on Dismukes earnings for the years 1989-1992. The order additionally stated that the court had considered Dorsey's request for postminority support for the middle daughter, and, finding no evidence that would justify such support, denied the request. On December 16, 1994, Dorsey filed a "Motion for Reconsideration, Rehearing or Setting Aside of Order," asking the juvenile court to reconsider its order or, in the alternative, to grant a new trial. On August 3, 1995, the juvenile court entered an order denying the motion. On August 10, 1995, Dorsey filed a notice of appeal from the district court to the circuit court.
On November 14, 1995, Dismukes filed in the Autauga County District Court a petition to modify child support, seeking to have his child support obligation reduced because only one of the children remained a minor. On January 18, 1996, Dorsey filed a motion requesting a transfer of Dismukes's pending modification petition to the circuit court and consolidation of his petition with her appeal. On January 19, 1996, Dismukes filed a response to Dorsey's motion, in which he argued that Dorsey's appeal was untimely and due to be dismissed. There is no indication in the record that the circuit court ruled on this motion. Dorsey also filed a counterclaim to Dismukes's petition for modification, in which she requested an award of postminority support for the middle child's college education and "other, further or different relief to which she may be entitled."
On January 22, 1996, the circuit court heard oral argument on Dismukes's petition and Dorsey's appeal and entered an order on January 25, 1996. The judgment found that Dismukes had no further responsibility to pay child support for the two oldest daughters, who had reached majority, and ordered him to pay $529 per month for the remaining minor daughter. The judgment also ordered Dismukes to pay $100 per month toward the child support arrearage. The order denied Dorsey's request for postminority support for the middle daughter, stating that the request for such support was not filed or pleaded during the child's minority. Dismukes appealed from this order, and Dorsey filed a cross-appeal.
Dismukes argues that Dorsey's appeal from the district court's order was untimely and, therefore, that the circuit court lacked jurisdiction to hear the appeal. Dorsey argues that the filing of her "motion for reconsideration," which was apparently intended to serve as a motion under Rule 59, Ala. R. Civ. P., suspended the running of the time for the filing of the notice of appeal. She argues that the circuit court had jurisdiction to hear her appeal because she timely filed her notice of appeal within 14 days of the denial of her post-judgment motion, as required by Rule 4, Ala. R. App. P. *Page 300 
Dorsey timely filed her "motion for reconsideration," properly treated as a Rule 59 motion, within the 14-day time limit as required under the Rule 59 district court rule. However, Rule 59.1, Ala. R. Civ. P., provides that no post-judgment motion filed in a district court pursuant to Rule 59 shall remain pending for more than 14 days and that after the passage of 14 days from the time of filing the motion is deemed denied by operation of law. Dorsey's motion, filed December 16, 1994, was denied by operation of law on January 3, 1995, and the appeal time began to run on that date. Rule 28, Ala. R. Juv. P., provides that an appeal from a juvenile court, including an appeal to a circuit court, shall be filed within 14 days of the judgment appealed from. See, J.S. v. State Dep'tof Human Resources, 597 So.2d 1376 (Ala.Civ.App. 1992). Therefore, Dorsey had only until January 17, 1995, to appeal from the juvenile court's December 2, 1994, order. Thus, her appeal to the circuit court filed on August 9, 1995, was untimely, despite the juvenile court's purported denial of the motion on August 3. The timely filing of an appeal is a jurisdictional act, and failure to appeal within the prescribed time is fatal and requires that the appeal be dismissed. Ruddv. Rudd, 467 So.2d 964 (Ala.Civ.App. 1985). The circuit court erred in not dismissing Dorsey's appeal, and it was without jurisdiction to decide issues presented only in the appeal. Therefore, the judgment rendered on the issues raised only in the appeal, i.e., child support arrearage, medical payment arrearage, and contempt of court, are void. See, e.g., Takao v.Zoning Board of Adjustment of the City of Birmingham,656 So.2d 873, 875 (Ala.Civ.App. 1995). The judgment of the district court on those issues remains in effect. However, because Dorsey requested attorney fees in her counterclaim and not solely in her appeal, the issue of attorney fees was properly before the circuit court. We find no abuse of discretion by the trial court in awarding Dorsey an attorney fee; therefore the judgment is affirmed in that aspect. Thompson v. Thompson,650 So.2d 928, 931 (Ala.Civ.App. 1994).
Dismukes also argues that the circuit court abused its discretion by ordering him to pay child support in the amount of $529 per month for only one child. He asserts that this amount is not in accordance with the child support guidelines. Actions concerning child support, although guided by the mandatory application of the child support guidelines contained in Rule 32, Ala. R. Jud. Admin., remain within the discretion of the trial court. Its decision on such matters will not be disturbed on appeal absent a finding that the trial court abused its discretion. Doyle v. Doyle, 579 So.2d 651
(Ala.Civ.App. 1991). Rule 32 provides that there is a rebuttable presumption that the amount that results from the application of the guidelines is the correct amount to be awarded. Rule 32(A), Ala. R. Jud. Admin.
The record contains several copies of completed CS-42 Forms, none of which arrived at a child support obligation for Dismukes of $529. The only CS-42 form that was completed near the time of the modification proceeding was filled out by Dorsey's attorney; it computed support for two children rather than for one child. The most recent of the other forms contained in the record was completed in 1994, and would be irrelevant to the determination of an appropriate award of support in this modification proceeding conducted in 1996.
Furthermore, the circuit court's order does not indicate what its findings were regarding the monthly income of the parties. The testimony adduced at the hearing indicated that the husband works as a carpet layer. His income for 1994 was $20,084; $1673 per month. At the time of trial, he had not yet determined his total earnings for 1995, but estimated that he earned $22,500 in that year, or $1875 per month. He has had two exceptional years in which he earned $26,000-$27,000. Dorsey previously worked as a marketing representative and earned $24,298 in 1989. The district court used this amount as her income in computing the child support obligation, stating that it reflected her ability *Page 301 
to earn. Dorsey no longer works as a marketing representative, and now owns an antique mall. She makes approximately $900 per month from the mall, but reinvests most of that money in her business.
Suffice it to say that the testimony regarding the parties' most current earnings does not support the circuit court's judgment ordering Dismukes to pay $529 per month. It is worth noting that this amount is more than Dismukes was initially ordered to pay in child support for all three of his children, and there is no evidence that his income has increased. Dismukes correctly points out that, under the schedule of basic child support obligations, which must be employed under Rule 32 to arrive at a child support award in compliance with the guidelines, an award of $529 for one child requires that the parties have a combined gross income of $3850. This amount appears to be in excess of the parties' combined monthly income. The award of $529 additionally appears to be excessive considering that the total child support obligation is to be apportioned between the parties according to the percentage of the total income earned by each party. Dorsey argues that the ordered child support obligation should also include child care costs of $151 per month and insurance costs of $140 per month, which would make the total obligation more. While that is true, upon this court's calculation, even including those amounts in the total child support obligation, $529 is in excess of Dismukes's proportionate share of child support.
The trial court may deviate from the guidelines if the parties have agreed to a deviation, or if it finds that application of the guidelines is unjust. Rule 32(A)(i), (ii). A written finding on the record stating that the application of the guidelines is unjust or inappropriate is sufficient to rebut the presumption of correctness. Rule 32(A). However, for a court to deviate from the guidelines, "there must be written
findings of fact . . . to support such a deviation." StateDep't of Human Resources v. J.B., 628 So.2d 889 (Ala.Civ.App. 1993). Absent such a stated and justified reason for deviating from the guidelines, such a deviation is improper and will be reversed. Wilbanks v. Wilbanks, 624 So.2d 605 (Ala.Civ.App. 1993). In the present case, the circuit court's judgment made no mention of the application of the child support guidelines, and made no findings justifying deviation from the guidelines. Therefore, the circuit court erred to reversal in deviating from the guidelines in computing the child support award. Id.;Rogers v. Sims, 671 So.2d 714 (Ala.Civ.App. 1995).
This court prefers not to second-guess the trial court's judgment in matters concerning child support. However, the mandate is clear that the child support guidelines are to be adhered to. Ex parte St. Clair County Dep't of Human Resources,612 So.2d 482 (Ala.Civ.App. 1993). They provide a benchmark that aids courts in determining what is adequate support for children and what is a fair obligation to place on the parents. When the record on appeal does not contain a completed CS-42 form disclosing how the trial court arrived at a child support award, and absent evidence in the record clearly indicating that the award comports with the evidence regarding the parties' incomes, we have no choice but to reverse to allow the trial court to enter a judgment as required by the provisions of Rule 32, or to enter a judgment justifying deviation from the guidelines.
Dorsey cross-appeals, arguing that the circuit court erred in refusing to consider her request for postminority support based on its finding that she did not file her request during the child's minority. She argues that because she requested postminority educational support in the petition before the district court, she pleaded the issue during the middle child's minority, and, therefore, that the issue was properly before the circuit court. She asserts that there was evidence before the court justifying such an award, as she filed copies of receipts for tuition paid to Auburn University at Montgomery and book store receipts.
Our Supreme Court has held that, although a parent generally has no obligation to provide support to a child once that child reaches the age of majority, a trial court may order a noncustodial parent to provide postminority educational support when application for such support is made before the *Page 302 
minor reaches majority. Whitten v. Whitten, 592 So.2d 183, 185
(Ala. 1991). The middle child was born on November 2, 1976, and turned 19 on November 2, 1995. Thus, the issue of postminority support was apparently raised in the district court, which entered its order denying postminority support on December 2, 1994, while the child was still a minor. However, as previously noted, Dorsey failed to timely appeal that judgment. The issue of postminority support was not raised again until Dorsey filed her counterclaim on December 4, 1995, after the child had attained the age of majority. Thus, the circuit court did not err in denying Dorsey's request for an award of postminority educational support, and the court's judgment is affirmed in that aspect.
The judgment of the circuit court is affirmed as to the request for postminority educational support and the award of attorney fees, and is reversed as to Dismukes's child support obligation, and the cause is remanded for computation of child support in accordance with Rule 32, Ala. R. Jud. Admin.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, J., concurs.
THIGPEN and CRAWLEY, JJ., concur specially.
ROBERTSON, P.J., concurs in the result only.