Fred Singleton appeals from a judgment in favor of Wendy Graham that was entered by the Circuit Court of Jefferson County on appeal from a judgment in Graham's favor entered in the District Court of Jefferson County. Because we conclude that the circuit court did not have appellate jurisdiction, we dismiss Singleton's appeal, with instructions.
Graham filed a complaint in the district court in which she alleged that Singleton's agent had negligently operated a motor vehicle in the scope of his agency so as to cause both personal injury to Graham and damage to her motor vehicle; Graham demanded a judgment for $3,000 plus interest and costs. Singleton failed to answer this complaint, and a judgment by default was entered in favor of Graham for $2,813.50 plus costs on April 20, 1995.
On May 2, 1995, Singleton filed a motion in the district court to set aside the default judgment. Pursuant to Rule 55(dc), Ala. R.Civ.P., a district court judgment may be set aside on the motion of a party filed not later than 14 days after the entry of the judgment. However, such a motion may not remain pending in the district court for more than 14 days without the express consent of all the parties, unless the appellate court to which an appeal of the judgment would lie extends the deadline. Rules 59.1 and 59.1(dc), Ala.R.Civ.P. Thus, Singleton's motion was denied by operation of law on May 16, 1995, 14 days after it was filed, although the district court entered an order two days later purporting to overrule that motion.
On May 31, 1995, 15 days after Singleton's Rule 55 motion was denied by operation of law, he filed in the district court a notice of appeal to the circuit court. That appeal was subsequently docketed in the circuit court, which ultimately entered a default judgment for $3,000 in favor of Graham because Singleton failed to appear on the scheduled trial date. Singleton's subsequent motion to alter, amend, or vacate that judgment was denied by the circuit court, and Singleton appeals from the circuit court's judgment.
Although Graham has not filed a brief on appeal challenging our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co.,689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)). "Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu." Smith v. Saint, 438 So.2d 766, 768
(Ala. 1983).
We note that § 12-12-70(a), Ala. Code 1975, provides that a notice of appeal from a judgment of a district court must be filed "within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later." Here, Singleton filed his notice of appeal in the district court 15 days after his post-judgment motion was denied by operation of law; consequently, his notice of appeal was untimely.
In Davis v. Townson, 437 So.2d 1305 (Ala.Civ.App. 1983), this court considered an analogous situation wherein a party attempted to appeal from a circuit court judgment entered after an untimely appeal from the district court. We held:
 "Contrary to the requirements of section 12-12-70(a), Code 1975, the defendant did not file his notice of appeal to the circuit court within fourteen days from the date of the judgment in the small claims court. *Page 226 
The taking of an appeal within the time specified by the statute is essential to perfect the appeal and is jurisdictional. Since the appeal was not timely taken, the circuit court had no jurisdiction over the appeal; that is, it had no jurisdiction over the subject matter. Because of such lack of jurisdiction, the final judgment . . . as entered by the circuit court was void and will not support the appeal to this court. That lack of jurisdiction follows from the circuit court even to the appeal taken to this court for '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' Since jurisdiction over the subject matter may not be waived and since this court observed that jurisdictional defect in the record on appeal, the appeal in this case must be dismissed."
Davis, 437 So.2d at 1305-06 (citations omitted).
Similarly, because the circuit court judgment in favor of Graham in this case was entered without subject matter jurisdiction, it is void, and the judgment of the district court as to Graham's claim against Singleton remains in effect.See Dismukes v. Dorsey, 686 So.2d 298, 300
(Ala.Civ.App. 1996). On the authority of Davis, we dismiss Singleton's appeal from the judgment of the circuit court. However, we instruct the circuit court to set aside its void judgment purporting to award Graham $3,000, and to dismiss Singleton's appeal from the district court. State Dep't of Revenue v.Zegarelli, 676 So.2d 354, 356 (Ala.Civ.App. 1996) (dismissing appeal and directing reinstatement of writ of garnishment where trial court lacked jurisdiction to modify writ).
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.