Leonard Clanton appeals from a judgment entered by the Tallapoosa Circuit Court ("the circuit court") in a civil action originally brought by Clanton against Carol DeAngelo and Joash DeAngelo in the Small Claims Division of the Tallapoosa District Court ("the district court"). Because we conclude that the circuit court's appellate jurisdiction was not timely invoked, we dismiss the appeal as having been taken from a void judgment.
The record indicates that the DeAngelos own real property adjacent to Clanton's real property. In September 1999, Clanton brought an action against the DeAngelos in the district court seeking damages in the amount of $3,000 (the statutory maximum in small-claims actions) based upon actions taken by the DeAngelos along the common boundary line that Clanton averred were wrongful. The DeAngelos filed a brief contending, among other things, that the district court lacked jurisdiction and that Clanton had brought his action without substantial justification so as to warrant sanctions under the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq. On February 9, 2000, the district court rendered and entered a judgment dismissing Clanton's action and awarding the DeAngelos costs and $500 as an attorney fee. On February 22, 2000, within the 14-day period within which he had to file a postjudgment motion in the district court seeking to vacate the judgment of that court (see Rule 59(dc), Ala. R. Civ. P.), Clanton filed a motion to vacate the judgment of dismissal; however, that motion was denied by the district court on March 4, 2000.
Section 12-12-70(a), Ala. Code 1975, provides, in pertinent part, that "[a]ny party may appeal from a final judgment of the district court in a civil case by filing [a] notice of appeal in the district court, within *Page 453 
14 days from the date of the judgment or the denial of a posttrial motion, whichever is later." Thus, Clanton had until March 18, 2000, to file a notice of appeal to the circuit court[1] from the district court's judgment of dismissal. However, Clanton did not file his notice of appeal from the district court's judgment until April 17, 2000, 28 days after that deadline. Further, there is no indication in the record that Clanton sought, or was granted, additional time for taking an appeal pursuant to Rule 77(d), Ala. R. Civ. P. Because "`[t]he taking of an appeal within the time specified by [§12-12-70(a)] is essential to perfect the appeal and is jurisdictional'" and because "`the appeal was not timely taken, the circuit court had no jurisdiction over the appeal; that is, it had no jurisdiction over the subject matter.'" Singletonv. Graham, 716 So.2d 224, 226 (Ala.Civ.App. 1998) (quotingDavis v. Townson, 437 So.2d 1305, 1305-06
(Ala.Civ.App. 1983)).
Unfortunately, neither counsel for the DeAngelos nor the circuit court appears to have discovered the defect in the circuit court's subject-matter jurisdiction.[2] The circuit court subsequently purported to enter not only a May 2002 judgment that, among other things, imposed a $25 daily penalty upon Clanton for each day he failed or refused to remove certain fence posts encroaching upon the DeAngelos property, but also a March 2007 judgment awarding the DeAngelos $10,000 based upon Clanton's failure to comply with the May 2002 judgment. Both of those judgments are, however, void because of the absence of subject-matter jurisdiction. Moreover, that lack of jurisdiction "`follows from the circuit court even to the appeal taken to this court for "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."'"Singleton, 716 So.2d at 226 (quoting Davis,437 So.2d at 1306, quoting in turn Rule 12(h)(3), Ala. R. Civ. P.). Because an absence of jurisdiction over the subject matter may not be waived and because this court has observed that jurisdictional defect in the record on appeal, the appeal in this case must be dismissed with instructions to the circuit court to dismiss Clanton's appeal; the February 9, 2000, judgment of the district court remains in effect.Singleton, 716 So.2d at 226.
Our remarks in Davis are apt in this case as well:
 "We realize that, in a sense, [Clanton], who filed the false, erroneous, inaccurate or mistaken notice of appeal, is being rewarded since the [district] court's judgment will stand and since the larger judgment of the circuit court would have been affirmed by this court upon its merits; however, for the foregoing reasons, neither the circuit court nor this court had, or has, any jurisdiction to proceed."
437 So.2d at 1306.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
[1] Section 12-12-71, Ala. Code 1975, provides that (subject to certain exceptions not applicable in this case) "all appeals from final judgments of the district court shall be to the circuit court for trial de novo."
[2] That oversight can perhaps be attributed to Clanton's incorrect statement in his notice of appeal that the district court's order denying his postjudgment motion was entered onApril 4, 2000, rather than on March 4, 2000. *Page 454