PITTMAN, Judge.
In January 2010, Sylvia McCaskill sued her mother-in-law, Ernestine McCaskill, and Ernestine’s husband, Anthony McCas-kill, in the Mobile District Court, asserting a claim of malicious prosecution; Ernestine and Anthony filed an answer denying liability as to Sylvia’s claim and asserted a counterclaim alleging that Sylvia was liable to them for having abused process. After an ore tenus proceeding, the district court entered a judgment on May 7, 2010. The district court’s judgment indicates that Ernestine was determined not to be liable to Sylvia as a matter of law (see Rule 50(a) and Rule 50(dc), Ala. R. Civ. P.), that Anthony was found not liable to Sylvia based upon the evidence presented, and *737 that Sylvia was found liable to Ernestine and Anthony on their counterclaim; Ernestine was awarded $750 and Anthony was awarded $2,500.
On May 21, 2010, the 14th day after the district court’s judgment was entered, Sylvia filed a postjudgment motion to alter, amend, or vacate the judgment. See Rule 59(e) and Rule 59(dc), Ala. R. Civ. P. The district court entered an order on May 26, 2010, allowing Ernestine and Anthony 10 days to respond to Sylvia’s postjudgment motion. On June 4, 2010, the 14th day after Sylvia filed her motion, Ernestine and Anthony filed a response to that motion.
Under Alabama law, among other motions, a postjudgment motion to alter, amend, or vacate under Rule 59, Ala. R. Civ. P., may not remain pending in a district court for more than 14 days without the express consent of all the parties, unless the appellate court to which an appeal of the judgment would lie extends the deadline or, pursuant to a 2008 amendment to Rule 59.1(dc), the district court enters an order extending the period up to an additional 14 days “for good cause shown.” Rules 59.1 and 59.1(dc), Ala. R. Civ. P. Because the parties did not consent on the record to extend the 14-day period, because no leave was obtained from the circuit court allowing Sylvia’s motion to remain pending outside the 14-day period, and because the district court did not enter an order on the record determining that good cause had been shown to extend the 14-day period, Sylvia’s motion was automatically denied on June 4, 2010, see Rule 59.1(dc), Ala. R. Civ. P., although the district court entered on order on June 11, 2010, purporting to deny Sylvia’s post-judgment motion.
A notice of appeal from a judgment of a district court must be filed “within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later.” Ala.Code 1975, § 12-12-70(a). The 14th day after the denial of Sylvia’s postjudgment motion, and the final day for filing a notice of appeal to the circuit court, was June 18, 2010. Sylvia filed a notice of appeal to the circuit court on June 21, 2010, three days late. However, despite that late filing, the circuit court proceeded to hear the appeal on its merits; it held an ore tenus proceeding, purported to grant Ernestine and Anthony’s motion for a judgment as a matter of law on Sylvia’s claim and on their amended counterclaim (in which they had asserted a claim against Sylvia and her attorneys, Creóla Ruffin and Vanessa Shoots, under the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq.), and entered a judgment on November 3, 2011, purporting to award damages of $12,071.56 to Ernestine and Anthony. Following the denial of their postjudgment motion directed to the circuit court’s judgment, Sylvia and her attorneys appealed to this court.
Although no party’s brief in this appeal has challenged our appellate jurisdiction, we must consider sua sponte whether we have jurisdiction over this appeal because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). “Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983). In this case, the jurisdiction of the circuit court to consider the parties’ claims de novo was not timely invoked, and because the circuit court lacked subject-matter jurisdiction, that court’s judgment is void and will not sup *738 port an appeal to this court. See Singleton v. Graham, 716 So.2d 224, 225-26 (Ala.Civ.App.1998), and Davis v. Townson, 437 So.2d 1305, 1305-06 (Ala.Civ.App.1983).
Based upon the foregoing facts and authorities, we dismiss the appeal from the circuit court’s void judgment of November 3, 2011, purporting to award damages of $12,071.56 to Ernestine and Anthony.[1] We instruct the circuit court to vacate its judgment after this court’s certificate of judgment has duly been issued pursuant to Rule 41, Ala. R.App. P., and to dismiss Sylvia’s appeal from the judgment of the district court. See Singleton, 716 So.2d at 226. Further, because no timely appeal was taken from the judgment of the district court, we note that that court’s judgment remains in effect. See id.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE CIRCUIT COURT.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The appellants’motion to strike a portion of the appellees’ brief is denied as moot. The appellees’ motion pursuant to Rule 38, Ala. R.App. P., is denied.