DONALDSON, Judge.
M.E.W. (“the mother”) appeals from the dismissal by the Etowah Circuit Court (“the circuit court”) of her appeal from the judgment of the Etowah Juvenile Court (“the juvenile court”) terminating her parental rights to J.N.W., S.E.W., J.R.W., and C.R.W., all minor children (“the children”), born to her and J.W. (“the father”). We affirm the dismissal of her appeal to the circuit court as untimely.

Facts and Procedural History

The father and the mother are the biological parents of the children. The father and the mother divorced, the father was awarded custody of the children, and the mother was awarded visitation. The mother’s visitation rights were suspended in 2008. The record reflects that the father filed petitions in the juvenile court on April 1, 2011, seeking to terminate the mother’s parental rights to each of the children on the ground that the mother was “unable or unwilling to discharge her responsibilities as a parent to and for the minor children.” See generally § 12-15-319, Ala.Code 1975. The father attempted to serve summonses for the petitions on *1170 the mother by certified mail at her last known address; however, the summonses were returned “unclaimed.” The father filed a motion with the juvenile court for an order directing service by publication. The juvenile court granted that motion, and service by publication was made upon the mother by publishing notice of the proceedings for four consecutive weeks in The Messenger newspaper in Etowah County, Alabama, and The Times-Herald newspaper in Coweta County, Georgia, which was the county of the last known residence of the mother. The mother did not file answers to the petitions. The juvenile court held a hearing on the petitions on January 25, 2012, at which the mother did not appear, and the next day the juvenile court entered an order terminating the mother’s parental rights to the children.
On May 15, 2012, the mother filed a motion, purportedly pursuant to Rules 59(e) and 60(b), Ala. R. Civ. P., seeking to set aside the judgment terminating her parental rights. In her motion, the mother argued that although she resides at the address to which the summonses were sent by certified mail, she never received notice of the certified mail. She further argued that the service by publication was ineffective because it did not refer to her by her legal name.
On May 18, 2012, the juvenile court issued an order setting the mother’s motion for a hearing on June 27, 2012. On that order, the juvenile-court judge handwrote and signed a notation stating: “The hearing will be limited to the very narrow issue of why the mother did not sign for the certified mail sent to her. This will not be a re-hearing on the merits.” Following the June 27, 2012, hearing, the juvenile court entered a detailed order on July 19, 2012, denying the mother’s motion to set aside the termination judgment. The juvenile court found that the mother’s “testimony offers no plausible explanation as to why” she did not receive notice of the certified mail when the Post Office attempted to deliver it on April 9 and 11, 2011. The juvenile court found that “[t]he mother’s Rule 60 Motion was filed within four months after the entry of the termination Order. However, the mother’s explanation as to the certified mail letter does not qualify as ‘excusable neglect’ Rather her failure to sign for it implies willful neglect.”
On July 23, 2012, the mother filed a motion to set aside the juvenile court’s July 19, 2012, order and to supplement the record with exhibits offered to prove that the mother attempted to make contact with the children before her parental rights were terminated. The record reflects that the juvenile-court judge hand-wrote “Granted” on that motion and signed and dated that motion on July 24, 2012. On October 26, 2012, the juvenile court entered an order purporting to grant the mother’s motion to supplement the record but denying her motion to set aside the July 19, 2012, order.
The mother filed a notice of appeal with the circuit court on October 29, 2012, pursuant to Rule 28(B), Ala. R. Juv. P. On October 30, 2012, the father filed a motion to dismiss the mother’s appeal as untimely, specifically asserting that because the juvenile court had failed to rule on the mother’s July 23, 2012, motion within 14 days, that motion had been denied by operation of law on August 6, 2012, thereby making the juvenile court’s October 26, 2012, order a nullity and her October 29, 2012, notice of appeal untimely. See Rule 59.1(dc), Ala. R. Civ. P.
The circuit court held a hearing on the father’s motion to dismiss on December 12, 2012, and the circuit court reserved ruling on the motion pending an opportunity for *1171 the parties and the children’s guardian ad litem to submit briefs. On February 8, 2013, the circuit court entered an order granting the father’s motion to dismiss the mother’s appeal.
The mother filed a timely notice of appeal to this court from the circuit court’s order of dismissal. The mother presents two issues on appeal: whether the circuit court erred by dismissing the mother’s appeal pursuant to Rule 59.1(dc), Ala. R. Civ. P., and whether the circuit court erred by dismissing the mother’s appeal pursuant to Rule 60(b), Ala. R. Civ. P.

Standard of Review

“The timely filing of a notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Committee Comments to Rule 3, Ala. R.App. P. The question whether the mother’s appeal was timely and, thus, whether the circuit court acquired subject-matter jurisdiction over the mother’s appeal is a question of law; thus, we review de novo the dismissal of the mother’s appeal by the circuit court. See Banks v. Estate of Woodall, 129 So.3d 294 (Ala.Civ.App.2013); see also Ex parte Terry, 957 So.2d 455 (Ala.2006) (stating that a claim that a court lacks subject-matter ju-' risdiction presents a question of law, which an appellate court reviews de novo).

Discussion

We must determine whether the circuit court had subject-matter jurisdiction to consider the mother’s appeal.
“[1] “[Jjurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). ‘Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.’ Ex parte Smith, 438 So.2d 766, 768 (Ala.1983). In this case, the jurisdiction of the circuit court to consider the parties’ claims de novo was not timely invoked, and because the circuit court lacked subject-matter jurisdiction, that court’s judgment is void and will not support an appeal to this court. See Singleton v. Graham, 716 So.2d 224, 225-26 (Ala.Civ.App.1998), and Davis v. Townson, 437 So.2d 1305, 1305-06 (Ala.Civ.App.1983).”
McCaskill v. McCaskill, 111 So.3d 736, 737 (Ala.Civ.App.2012).
“All postjudgment motions, whether provided for by the Alabama Rules of Civil Procedure or the Alabama Rules of Criminal Procedure, must be filed within 14 days after the entry of order or judgment and shall not remain pending for more than 14 days, unless, within that time, the period during which a post-judgment motion may remain pending is extended:
“(1) By the juvenile court on its own motion, or upon motion of a party for good cause shown, for not more than 14 additional days; or
“(2) Upon the express written consent of all the parties, which consent shall appear of record; or
“(3) By the appellate court to which an appeal of the judgment would lie.
“A failure by the juvenile court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
Rule 1(B), Ala. R. Juv. P. “Written notice of appeal shall be filed within 14 days of the date of the entry of order or judgment appealed from, whether the appeal is to an *1172 appellate court or to the circuit court for trial de novo.” Rule 28(C), Ala. R. Juv. P. This court has stated:
“[W]e must consider whether the mother’s notice of appeal invoked the appellate jurisdiction of this court.
“ ‘It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997); Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “The timely filing of [a] notice of appeal is a jurisdictional act.” Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Parker v. Parker, 946 So.2d 480, 485 (Ala.Civ.App.2006) (“an untimely filed notice of appeal results in a lack of appellate jurisdiction, which cannot be waived”).’
“Kennedy v. Merriman, 963 So.2d 86, 87-88 (Ala.Civ.App.2007).
“Under the Alabama Rules of Juvenile Procedure, the mother had 14 days from the denial of her postjudgment motion to file her notice of appeal. See Rule 28(C), Ala. R. Juv. P.; and H.J.T. v. State ex rel M.S.M., 34 So.3d 1276, 1279 (Ala.Civ.App.2009) (‘A notice of appeal in a juvenile action must be filed within 14 days of the date of entry of the judgment or the denial of a [timely filed] postjudgment motion.’).
“Thus, the mother’s notice of appeal must have been filed no later than [14 days after the denial of her post-judgment motion] to be timely. Because the mother did not appeal until ... after the 14-day period had expired, this court has no jurisdiction to consider her appeal. See Rule 2(a)(1), Ala. R.App. P. (‘An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.’).”
R.P.M. v. P.D.A., 112 So.3d 49, 51 (Ala.Civ.App.2012).
On May 15, 2012, the mother filed in the juvenile court a motion, purportedly pursuant to Rules 59(e) and 60(b), Ala. R. Civ. P., seeking to set aside the January 26, 2012, judgment terminating her parental rights. The mother’s motion for relief pursuant to Rule 59(e) was not timely because the motion was filed more than 14 days after the judgment was entered. However, the mother’s motion also alleged that she had not been properly served and that the judgment terminating her parental rights was void on that basis. See Wright v. Rogers, 435 So.2d 90 (Ala.Civ.App.1983) (lack of proper personal service upon a defendant renders a judgment void). That portion of the motion sought relief pursuant to Rule 60(b)(4), Ala. R. Civ. P. See Hooie v. Barksdale, 93 So.3d 942 (Ala.Civ.App.2012). A Rule 60(b)(4) motion is not subject to the requirement that it be filed within 14 days of the judgment. The juvenile court set the motion for a hearing on June 27, 2012, on “the very narrow issue of why the mother did not sign for the certified mail sent to her.” Further, that portion of the motion was not subject to being denied by operation of law after the expiration of 14 days. See Ex parte R.S.C., 853 So.2d 228, 234 (Ala.Civ.App.2002) (“[A] Rule 60(b) motion for relief from judgment is not deemed denied by operation of law [after 14 days] under Rule 1(B), Ala. R. Juv. P.”). The juvenile court held a hearing on the mother’s motion on June 27, 2012, and it entered a detailed order on July 19, 2012, denying the mother’s motion. It is from that date that the mother had 14 days in which to appeal the denial of her Rule 60(b) motion pursuant to Rule 1(B), Ala. R. Juv. P.; after the expiration of that period, i.e., after August 2, 2012, the juvenile court no longer had jurisdiction to rule on the *1173 mother’s motion. Instead of filing a notice of appeal, however, the mother filed a motion with the juvenile court on July 23, 2012, seeking to set aside the denial of her Rule 60(b) motion. That motion was not cognizable in the juvenile court and did not operate to suspend or toll the time for filing an appeal. See Ex parte Jordan, 779 So.2d 183,184 (Ala.2000) (quoting Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989)) (“ ‘[A] trial court does not have jurisdiction to entertain a motion to reconsider the denial of a Rule 60(b), [Ala. R. Civ. P.], motion.’”). The juvenile court’s order of October 26, 2012, purporting to deny the mother’s July 23, 2012, motion was a nullity. The mother did not file her notice of appeal to the circuit court until October 29, 2012, after the 14-day period to appeal from the July 19, 2012, order had expired, and the circuit court had no jurisdiction to consider her appeal. Therefore, because the subject-matter jurisdiction of the circuit court was not properly invoked, we must affirm the circuit court’s dismissal of the mother’s appeal. We express no opinion as to whether the juvenile court had subject-matter jurisdiction over the underlying termination-of-parental-rights petitions pursuant to W.B.B. v. H.M.S., 141 So.3d 1062 (Ala.Civ.App.2013). See also R.P.M. v. P.D.A., 112 So.3d at 51 n. 5.
For the reasons expressed above, we affirm the circuit court’s dismissal of the mother’s untimely appeal from the juvenile court.
The mother’s request for attorney fees is denied.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, with writing.

. I note that because the mother’s motion was a Rule 60(b)(4), Ala. R. Civ. P., motion, it could be filed at any time; a Rule 60(b)(4) motion is not subject to the four-month requirement applicable to motions under Rule 60(b)(1), (2), and (3) or to the reasonable-time requirement applicable to motions under Rule 60(b)(5) and (6). See Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 641 (Ala.2003); Hooie v. Barksdale, 93 So.3d 942, 944 (Ala.Civ.App.2012).