MOORE, Judge.
Michelle Croskey appeals from a judgment of the Montgomery Circuit Court entered in favor of James Crawford, a/k/a C & B Association Montgomery.
The record indicates the following. On February 27, 2013, Croskey filed, in the small-claims division of the Montgomery District Court (“the district court”), a complaint against Crawford asserting that he owed her $1,500 based on Crawford’s promise that Croskey would “get paid for training on how to fill out taxes.” She alleged that she had attended 60 hours or more of training and that Crawford had not paid her for the training she had attended. Crawford answered the complaint on March 21, 2013. Following a nonjury trial, the district court entered a judgment in favor of Crawford on June 7, 2013.
On August 2, 2013, the district court received a letter, dated August 1, 2013, sent by Croskey to the district-court judge in which Croskey stated, in pertinent part:
“I am writing because I was not aware of the ruling on my case. My mailman has been putting mail in the wrong mailbox. ...
“I received a court document that was addressed to me but mistakenly placed in a neighbor’s mail box by the U.S. Postman by mistake. My neighbor stated that she had received several pieces of my mail in and around the 10th of June but claim she just kept forgetting to give it to me because she couldn’t remember where she put it. On Tuesday July 23rd she finally bought [sic] the mail over to my house and when I opened the court document; I realized the deadline to respond had past [sic]. “I had 14 days to respond to this document and because I was not given the chance through no fault of my own, I strongly feel the verdict to dismiss[ ] the case was not fair to me. Furthermore to my defense, if I had known about this letter on time, surely I would have responded and taken full advantage of the appeal process afforded to me.... Please do me right and allow me to appeal my case.”
On August 15, 2013, Croskey sent a second letter to the judge, the substance of which was identical to the first letter. Across the top of the second letter was typed: “This is my second notice please respond.” On August 20, 2013, Croskey filed a “3rd Notice[]” in which she stated: “Please allow me an appeal due to I never received the notice the first time.” She filed a similar notice on August 30, 2013, stating: “Please Please Please allow me to do an appeal due to I ... was late getting my letter that my neighbor gave to me.” On September 3, 2013, the district court entered an order purporting to extend the time for Croskey to file her notice of appeal. Croskey filed her notice of appeal to the circuit court that same day.
Following a nonjury trial, the circuit court entered a judgment in favor of Crawford on March 6, 2014.
Although neither party has raised the issue of the timeliness of Cros-key’s appeal to the circuit court, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero mote.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “[T]he *470 timeliness of an appeal affects this Court’s jurisdiction to consider the appeal.” Moultrie v. Wall, 143 So.3d 128, 135 (Ala. 2013).
Section 12-12-70(a), Ala.Code 1975, provides, in pertinent part, that “[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later.” Additionally, Rule M of the Alabama Small Claims Rules provides, in pertinent part, that “[a] judgment may be appealed to the circuit court by the filing of a notice of appeal in the office of the clerk of the small claims court within fourteen days from the date of the judgment. ...” Thus, the original deadline for Croskey to file a notice of appeal to the circuit court from the district court’s June 7, 2013, judgment was June 21, 2013.
On August 2, 2013, however, Croskey filed her first request seeking an extension of time to file her notice of appeal; we treat that request as seeking relief pursuant to Rule 77(d), Ala. R. Civ. P.[1] Rule 77(d) provides, in pertinent part:
“Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
(Emphasis added.) Rule 77(d) provides the exclusive remedy when a party claims lack of notice of the entry of a judgment. See Lindstrom v. Jones, 603 So.2d 960, 961 (Ala.1992).
Croskey filed her initial Rule 77(d) request on August 2, 2013, 56 days after the entry of the district court’s judgment on June 7, 2013. Thus, because the motion was filed more than 44 days (14 days for the original deadline to appeal, plus 30 additional days as allowed by Rule 77(d)), the district court had no jurisdiction to rule on the motion. Id. Accordingly, the district court’s September 3, 2013, order purporting to allow Croskey an extension of time to file her notice of appeal is void, and, as a result, Croskey’s notice of appeal to the circuit court, filed on September 3, 2103, was untimely.
“The failure to file a timely notice of appeal is a jurisdictional defect that prevented the circuit court from acquiring jurisdiction over the appeal. See Kennedy v. Merriman, 963 So.2d 86, 88 (Ala. Civ.App.2007). ‘A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute.’ Flannigan v. Jordan, 871 So.2d 767, 770 (Ala.2003).”
Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009). Because Cros-key did not timely file her notice of appeal to the circuit court, the circuit court did not have subject-matter jurisdiction over the appeal from the district court, see Dismukes v. Dorsey, 686 So.2d 298, 300 (Ala.Civ.App.1996), and the circuit court’s judgment purporting to dispose of that appeal is void. Id. “A judgment entered by a court lacking subject-matter jurisdiction is *471 absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Consequently, we dismiss the appeal, albeit with instructions to the circuit court to vacate its March 6, 2014, void judgment and to enter a judgment dismissing the appeal from the district court’s judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Rule N of the Alabama Small Claims Rules provides that “[t]he Alabama Rules of Civil Procedure as modified for applicability in the district courts shall be applicable to small claims court cases when necessary to serve the ends of justice and when the Alabama Rules of Civil Procedure, as modified, are not inconsistent with these small claims rules.” Pursuant to Rule 77(dc), Rule 77 applies in the district courts.