MOORE, Judge.
Girish Modi appeals from ,a judgment entered by the Montgomery Circuit Court (“the circuit court”) in favor of Jalisa Johnson in an appeal from the Montgomery District Court (“the district court”) in a garnishment action. In this appeal, Modi also challenges that same judgment to the extent the circuit court dismissed that part of the appeal in which Modi had attempted to appeal from the underlying district-court judgment from which the garnishment action arose.
Procedural' History
On July 20, 2015, Modi filed a complaint in the district court against Johnson and Roosevelt Williams requesting damages for unpaid rent, for certain items he claimed , had been stolen, and for various other fees and charges. On August 17, 2015, Johnson, and Williams answered the complaint and also counterclaimed.
After a hearing, the district court entered a judgment in favor of Modi in the amount of $6,208.21; the counterclaim was dismissed. On November 12,2015, Johnson and Williams filed separate postjudgment motions. On November 24, 2015, the district court entered a judgment reducing the judgment in favor of Modi to $1,000. On December 2, 2015, Modi moved to amend the judgment; that motion was denied the same day. No party appealed from the judgment at that time.
On January 29, 2016, Modi commenced in the district court a garnishment action against Acceptance Now, Johnson’s employer. The district court entered an order denying Modi’s request for a garnishment on May 2, 2016. On May 9,2016, Modi filed a motion to vacate that order. On July 11, 2016, the district court purported to enter a default judgment against Acceptance Now in the amount of $550. On July 13, 2016, Modi filed a motion to amend the default judgment, seeking to garnish the full $1,000 judgment amount. That motion was denied on July 15, 2016. Modi filed a second motion to amend on July 18, 2016, which was denied' that same day. Modi appealed to the circuit court on July 26, 2016, challenging both the amount of the garnishment judgment and the amount of *251 the underlying November 24, 2015, judgment.
After a hearing, the circuit court entered a judgment on October 19, 2016, in favor of Johnson on the issues concerning the garnishment; it dismissed the appeal as untimely to the extent that' Modi was attempting to appeal from the underlying district-court judgment from which the' garnishment action' arose. That same day, Modi filed a postjudgment motion. Modi filed his notice of appeal on October 21, 2016.[1] Modi’s postjudgment motion was denied on October 25, 2016.
Discussion
We initially address the issue of jurisdiction presented in this appeal. ■ ■
“ ‘[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero mota.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). ‘[T]he timeliness of an appeal affects this Court’s jurisdiction to consider the appeal.’ Moultrie v. Wall, 143 So.3d 128, 135 (Ala. 2013).
“Section 12-12-70(a), Ala. Code 1975, provides, in pertinent part, that ‘[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later.’ ”
Croskey v. Crawford, 177 So.3d 468, 469-70 (Ala. Civ.App. 2014).
“Under Alabama law, among other motions, a postjudgment motion to alter, amend, or vacate under Rule 59, Ala. R. Civ. P., may not remain pending in a district court for more than 14 days without the express consent of all the parties, unless the appellate court to which an appeal of the judgment would lie extends the deadline or, pursuant to a 2008 amendment to Rule 59.1(dc); the district court enters an order extending the period up to an additional 14 days ‘for good cause shown.’ Rules 59.1 and 59.1(dc), Ala. R. Civ. P.” .
McCaskill v. McCaskill, 111 So.3d 736, 737 (Ala. Civ. App. 2012).
In the present case, the district court entered an order denying Modi’s request for a garnishment on May 2, 2016. On May 9, 2016, Modi filed a motion to vacate that order. The district court set a hearing on that motion but failed to rule on that motion or to extend the time for ruling on that motion within 14 days. Therefore, the motion to vacate was denied on May 23, 2016. See McCaskill, supra. Modi had 14 days from May 23 to appeal to the circuit court; however, he failed to appeal within that 14-day period. Although the district court purported to make further rulings, those rulings were outside the 14-day, period and, therefore, were nullities. See, e.g., Moragne v. Moragne, 888 So.2d 1280, 1282 (Ala. Civ. App. 2004).
Because Modi did not timely file an appeal to the circuit court, the circuit court committed no error insofar as it dismissed the part of the appeal relating to the November 24, 2015, judgment as untimely filed.[2] Therefore, the circuit court’s judgment is due to be affirmed in part. To the extent that the circuit court ruled on the merits in favor of Johnson and Williams, the circuit court’s judgment is void, and we therefore dismiss this appeal in part. See Colburn v. Colburn, 14 So.3d 176, 179 (Ala. *252 Civ. App. 2009) (“A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ” (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008))). The district court’s May 2, 2016, order denying Modi’s request for a garnishment is in effect, and all subsequent rulings made by the district court were nullities. We therefore dismiss the circuit court’s judgment in part, albeit with instructions to the circuit court to instruct the district court to vacate all orders it entered after May 2, 2016. Moragne, 888 So.2d at 1282; Colburn, 14 So.3d at 179.
JUDGMENT AFFIRMED IN PART; APPEAL DISMISSED IN PART WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. The notice of appeal was held in abeyance pending a ruling on Modi’s postjudgment motion. See Rule 4(a)(5), Ala. R. App. P. (stating that a notice of appeal is held in abeyance pending the disposition of a postjudgment motion).

. This part of Modi’s appeal to the circuit court was untimely because Modi's appeal was filed more than 14 days after the entry of the December 2, 2015, order denying Modi’s motion to amend the November 24, 2015, judgment of the district court.