MOORE, Judge, dissenting.
*882 Under Ala. Code 1975, § 12-12-70(a), a party appealing from a civil judgment of a district court must file a timely and proper notice of appeal "in the district court" in order to invoke the appellate jurisdiction of the supervising circuit court. I agree with the main opinion that a notice of appeal can be filed "in the district court" by filing it with the clerk of the circuit court when the clerk of the circuit court acts as an ex officio clerk of the district court, as is the case in Baldwin County. However, in this case, the record contains no copy of the notice of appeal that was allegedly filed in the office of the clerk of the Baldwin Circuit Court.
In a line of cases predating the promulgation of the Alabama Rules of Appellate Procedure, our supreme court held: "Due service of citation of appeal on the adverse party, his attorney or solicitor, is necessary to invoke the jurisdiction of this court, and without the record so showing, the appeal is subject to dismissal." Brock v. Stimpson, 253 Ala. 138, 139, 43 So.2d 133, 134 (1949) (citing Riddle v. Adams, 231 Ala. 596, 165 So. 848 (1936) ; McLeod v. Turner, 230 Ala. 673, 162 So. 309 (1935) ; and State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297 (1928) ) (emphasis added). Considering that the more liberal Alabama Rules of Appellate Procedure now in place do not apply to appeals from a district court to a circuit court, see Finch v. Finch, 468 So.2d 151 (Ala. 1985), it would seem that that old line of cases would apply equally to appeals from the district court to the circuit court such that, in the absence of a record showing that a timely and proper notice of appeal had been filed, the appeal would be subject to dismissal.
In this case, the main opinion essentially holds that the record contains sufficient indicia from which the Baldwin Circuit Court could have inferred that Francesca G. Ervin did, in fact, file a timely and proper notice of appeal with the clerk of the Baldwin Circuit Court. Because the filing of a notice of appeal is a jurisdictional act requiring strict compliance, see Singleton v. Graham, 716 So.2d 224, 226 (Ala. Civ. App. 1998), I am inclined to believe that the record should contain a copy of the date-stamped notice of appeal and that any lesser evidence would not suffice to prove that the notice of appeal had, in fact, been timely and properly filed. By relaxing this requirement, I believe that the main opinion sets a dangerous precedent that could lead to confusion and uncertainty as to the proper methods for invoking the appellate jurisdiction of the circuit courts.
This court has received some information in this case that indicates that the notice of appeal may have been lost. If so, Ervin should have moved the Baldwin Circuit Court to substitute a copy of the notice of appeal. See Ala. Code 1975, § 12-20-26 ("All courts have the inherent power, if original papers or records pertaining to matters of civil jurisdiction or to civil actions which are pending or which have been determined are lost, mislaid, destroyed or mutilated, to cause a substitution thereof, and the substituted paper or record is of equal validity with the original."). The record indicates, however, that Ervin did not make any motion for substitution. As a result, the record contains no copy of the notice of appeal, and, in my opinion, that jurisdictional defect renders the appeal to the Baldwin Circuit Court ineffective.
In the absence of a record of the notice of appeal, the Baldwin Circuit Court never acquired appellate jurisdiction. All of its orders and judgments are therefore void, and this appeal should be dismissed with instructions to the Baldwin Circuit Court to vacate its judgment. See *883 Singleton, supra. Because the main opinion concludes otherwise, I respectfully dissent.