MOORE, Judge.
T. Mark Maclin, as the administrator ad litem for Ronald Leon Brotherton, deceased, appeals from a judgment of the Limestone Circuit Court (“the trial court”) awarding damages to Justin Congo on his claims resulting from a motor-vehicle accident involving vehicles being driven by Brotherton and Congo. Because we conclude that the trial court lacked subject-matter jurisdiction over the claims asserted in the action, we dismiss the appeal.

Procedural History

On May 26, 2009, Ernest Congo, individually and doing business as Congo Towing, and Justin Congo (hereinafter referred to collectively as “the Congos”) filed a complaint against Brotherton and a number of fictitiously named defendants, alleging claims of negligence and wantonness. The Congos alleged, among other things, that, on or about June 7, 2007, Brotherton had allowed the vehicle he was driving to collide with the tow truck Justin was driving, which tow truck was owned by Ernest, doing business as Congo Towing; that, as a result of Brotherton’s alleged negligent and/or wanton operation of his vehicle, Justin had suffered injuries and had incurred damages; and that, as a result of Brotherton’s alleged negligent and/or wanton operation of his vehicle, Ernest, doing business as Congo Towing, had suffered damages in the form of lost income as a result of the damage to, and loss of use of, the tow truck Justin had been driving.
On June 26, 2009, J. Mark Debro filed a “limited appearance for filing a suggestion of death” on behalf of Brotherton, notifying the trial court that Brotherton had died in May 2008. Debro also filed a “limited appearance for purpose of contesting service and motion to quash,” asserting that Brotherton had been a resident of Missouri; that, at the time the summons and complaint were issued to Brotherton, no agent or executor of Brotherton’s estate had received the complaint; that it was unknown whether an estate had been opened or if an executor had been appointed; and, thus, that service had been improper and the trial court lacked jurisdiction over the matter. Debro also filed a supplement to his motion to quash, attaching a copy of Brotherton’s death certificate thereto and again requesting that the trial court quash the service on Brotherton. Debro filed an additional supplement to his motion to quash, attaching a certified copy of Brotherton’s death certificate and the affidavit of Brotherton’s daughter, Dianne Brotherton Edwards. Edwards stated in her affidavit that Brotherton had died without leaving a known will and that no estate had been opened on his behalf. She stated also that, “[a]t the time of [Brother-ton’s] death, no one had been appointed agent, personal representative, or executor to receive service of any lawsuits on his behalf.” The trial court granted the motion to quash on September 8, 2009.
On November 9, 2009, the Congos filed a motion requesting that the trial court appoint T. Mark Maclin as the administrator *407 ad litem for Brotherton’s estate, pursuant to Rule 25, Ala. R. Civ. P., and § 43-2-250, Ala.Code 1975. Debro filed a limited appearance to respond to the Congos’ motion and to file a motion to dismiss. In his response, Debro asserted that the Congos had not met the requirement under § 43-2-250 that Brotherton’s estate be represented because, he asserted, “there is no estate.”
On December 11, 2009, the Congos filed an amended complaint, adding Progressive Specialty Insurance Company (“Progressive”). The Congos alleged that Progressive had issued an automobile-insurance policy to Ernest Congo, that that policy covered Justin at the time of the accident, and that they were seeking damages from Progressive under the uninsured-motorist provision of the policy.
On December 17, 2009, the affidavit of Leslie Clay was filed in the trial court; Clay stated in her affidavit that she worked in the claims-litigation department of Shelter Mutual Insurance Company (“Shelter”), that Shelter is a Missouri corporation that is not licensed to sell insurance in the State of Alabama, and that Brotherton had been issued an automobile-insurance policy from Shelter that was in full force and effect on the date of the accident.
On December 17, 2009, the trial court entered an order finding that Brotherton had died on May 10, 2008, in the State of Missouri, appointing T. Mark Maclin as the administrator ad litem for Brotherton’s estate, and substituting Maclin as a defendant in the action. Debro filed a limited appearance to renew his motion to dismiss and to seek revocation of the trial court’s December 17, 2009, order based on his assertion that the trial court lacked subject-matter jurisdiction; the trial court denied Debro’s motion on January 11, 2010.
On January 18, 2010, Progressive filed an answer to the Congos’ amended complaint, asserting that the truck operated by Justin at the time of the accident was not listed on Ernest’s policy with Progressive and, thus, that uninsured-motorist coverage had not been confirmed at the time the answer was filed. Progressive also filed a motion demanding a trial by jury.
On February 25, 2010, Maclin filed an answer and a motion to dismiss, asserting, among other things, that no estate had been established on Brotherton’s behalf and, thus, that there was no estate to represent, that the Congos had failed to bring suit against a viable defendant, and that the trial court lacked subject-matter jurisdiction. The Congos filed a response to Maclin’s motion to dismiss. On May 21, 2010, the trial court denied Maclin’s motion to dismiss.
On July 13, 2010, Progressive filed a motion to withdraw from active participation in the case; the trial court granted that motion by a notation on the case-action-summary sheet on July 15, 2010. On August 30, 2011, the trial court set the case for a trial on January 9, 2012.
On December 9, 2011, Maclin filed a motion for a summary judgment, again asserting the trial court’s lack of subject-matter jurisdiction and also asserting lack of personal jurisdiction over Brotherton and Shelter. Attached to the summary-judgment motion was Maclin’s affidavit, in which he stated that the “Probate Court of Limestone County’s records show that an estate has never been opened for the late Ronald Leon Brotherton.” Maclin also attached to his motion the affidavit of Leslie Clay, who stated that Shelter had not written policies of insurance, advertised, or employed insurance agents in Alabama and that Shelter was not licensed to do business in Alabama. On December 14, 2011, the trial court set Maclin’s summary- *408 judgment motion for a hearing on January 4, 2012. Maclin filed a supplement to his summary-judgment motion on December 20, 2011, attaching the affidavit of Diane Mardis, Brothertoris daughter, who stated that Brotherton was a resident of Potters-ville, Missouri, that all of the automobiles that Brotherton had owned were principally garaged in Missouri, that Brotherton had died in Missouri without leaving a known will, that no estate had been opened on his behalf, and that, at the time of his death, Brotherton did not own any property or assets in Alabama. The Congos filed responses to Maclin’s summary-judgment motion.
A jury trial was conducted on January 11 and 12, 2012. At the close of the Con-gos’ case, Debro, who represented Maclin at the trial, filed a motion for a judgment as a matter of law, which the trial court denied. Debro renewed his motion for a judgment as a matter of law at the close of all the evidence, again asserting, among other things, that the trial court lacked subject-matter jurisdiction; the trial court denied that motion. The jury found in favor of Justin and awarded him $27,020 in damages; it found in favor of Ernest, individually and doing business as Congo Towing, but awarded him no damages. On January 18, 2012, the trial court entered a judgment on the jury’s verdict.
On February 7, 2012, Debro filed on behalf of Maclin a document entitled “defendant’s alternative post-judgment motions,” in which he stated that he was appearing for the limited purposes of making a motion to set aside the verdict and the judgment entered on the jury’s verdict and for the entry of an order granting Maclin’s judgment as a matter of law or, in the alternative, a motion for a new trial. The trial court entered an order on February 9, 2012, that, among other things, denied Maclin’s alternative postjudgment motions. Maclin filed his notice of appeal to this court on March 13, 2012.

Discussion

Maclin argues on appeal that the trial court did not have subject-matter jurisdiction in this case because, he states, “appointment of an administrator ad litem by a circuit [court] does not create a legal entity which can be sued.” We do not reach the merits of Maclin’s argument, however, because we conclude that the trial court never obtained jurisdiction over the cause of action. The Congos filed their complaint against Brotherton on May 26, 2009. At that time, Brotherton was deceased. Proceedings instituted against an individual who is deceased at the time the action is filed are a nullity and do not invoke the trial court’s jurisdiction. A.E. v. M.C., 100 So.3d 587, 595 (Ala.Civ.App.2012). The Congos’ action against Broth-erton was therefore void ab initio. Id. The trial court had no jurisdiction to entertain an amendment of the complaint or any further motions or pleadings; it was required to dismiss the action for lack of subject-matter jurisdiction. See Ex parte Owens, 65 So.3d 953, 955-56 (Ala.Civ.App.2010). Because the Congos’ complaint failed to invoke the trial court’s subject-matter jurisdiction, all subsequent actions by the trial court are void. See A.E. v. M.C., 100 So.3d at 587 (“ ‘The absence of subject-matter jurisdiction renders void any judgment entered in the action.’ Moore v. John Hancock Life Ins. Co., 876 So.2d 443, 448 (Ala.2003).”). See also A.E., 100 So.3d at 587 (Moore, J., concurring in the result). “A void judgment will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Reed v. White, 80 So.3d 949, 953 (Ala.Civ.App.2011). We therefore dismiss the appeal, albeit with instructions to the trial court to vacate its void judgment and orders.
*409 APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.