MOORE, Judge.
Troy T. Williams appeals from a February 3, 2014, judgment of the Madison Circuit Court (“the circuit court”) dismissing *5 his appeal from a judgment of the Madison* District Court (“the district court”) in favor of Capital ■ One Bank (USA), N.A. (“Capital One”), and Capital One’s collection agency, Holloway & Moxley, L.L.P. (“Holloway”).[1] We affirm the judgment dismissing the appeal, albeit with instructions to the circuit court.
On December 20, 2010, Capital One filed a complaint against Williams in the district court, asserting that Williams owed $4,078.83 on an account stated between Capital One and Williams. On January 18, 2011, Capital One sought a default judgment against Williams for failure to answer or otherwise defend against the complaint. On January 21, 2011, the district court entered a default judgment in favor of Capital One in the amount of $4,078.83, plus court costs and postjudgment interest.
On September 14, 2011, Williams filed in the district court an “affidavit of status as secured party and creditor” in which he declared himself a member of the “Sovereign People of the Free Republic of Alabama” and sought the withdrawal of any “adverse information” from his credit records and relief from the default judgment. On October 11, 2011, Williams filed in the district court a motion to dismiss, in which he stated, among other things, that “[t]his notice is a trespass in admiralty.” Williams also filed in the district court a “common law copyright notice,” purporting to reserve rights regarding the copyright and trademark of his name. On November 9, 2011, the district court denied Williams’s motion requesting that the case be dismissed.
On September 16, 2013, Williams filed in the district court an independent action seeking to set aside the default judgment. In the pleading initiating the action, Williams asserted, among other things, that Capital One and Holloway had committed fraud upon the court. Williams also asserted in his pleading, based on his assertion of fraud upon the court, various claims against Capital One and Holloway, and he sought damages in the amount of $128,000,000.. On September 23, 2013, the district court entered an order that stated: “The Court having lost jurisdiction in this matter, [Williams’s] MOTION TO SET ASIDE is hereby DENIED.” On October 3, 2013, Williams filed, a “motion to reconsider — motion to amend complaint.” In that postjudgment motion, Williams purported to amend his claims against Capital One and Holloway, asserting fraud upon the court, to reduce the requested amount of damages to $2,900, so that his claims would remain within the district court’s jurisdiction. See Ala.Code 1975, § 12-12-31(a) (providing that the district court has exclusive jurisdiction over all civil actions in which the matter in controversy does not exceed $3,000). As argued by Capital One on appeal, Williams’s October 3, 2Ó13, postjudgment motion was denied by operation of law on October 17, 2013, pursuant to Rule 59.1(dc), Ala. R. Civ. P. On October 22, 2013, Williams filed a document titled “addendum — motion to amend complaint,” again seeking to set aside the default judgment based upon fraud upon the court and, for the first time, citing Rule 60(b), Ala. R. Civ. P. That motion was a successive postjudgment motion, however, seeking substantially the same relief as Williams’s October 3, 2013, motion; thus, that motion did not toll the time for taking an appeal. See Green v. Green, 43 So.3d 1242, 1243-44 (Ala.Civ.App.2009). On November 1, 2013, the district court entered an order purporting to deny Williams’s “motion to reconsider”; however, that order was a nullity because the motion had *6 already been denied by operation of law on October 17, 2013. See Moragne v. Moragne, 888 So.2d 1280, 1282 (Ala.Civ.App.2004); and Rule 59.1(dc).
Williams filed an appeal to the circuit court on November 12, 2013. Capital One and Holloway'filed a motion to dismiss the appeal on the basis that the appeal had been untimely filed. On February 3, 2014, the circuit court entered an order granting the motion to dismiss. Williams filed a postjudgment motion on February 28, 2014; that motion was denied by the circuit court on April 10, 2014. • Additionally, in the circuit court’s April 10, 2014, order denying Williams’s postjudgment motion, the circuit court awarded attorney’s fees in the amount of $1,112,50 as a sanction against Williams, as requested by Capital One and Holloway. Williams filed his notice of appeal to this court on May 15, 2014.
Capital One argues on appeal that the circuit court lacked jurisdiction and, therefore, that it properly dismissed Williams’s appeal from the district court. This court outlined the appropriate standard of review in M.E.W. v. J.W., 142 So.3d 1168, 1171 (Ala.Civ.App.2013):
“ ‘The timely filing of a notice of appeal is a jurisdictional act,’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Committee Comments to Rule 3, Ala. R.App. P. The question whether the mother’s appeal was timely and, thus, whether the circuit court, acquired subject-matter jurisdiction over the mother’s appeal is a question oflaw; thus, we review de novo the dismissal of the mother’s appeal by the circuit court. See Banks v. Estate of Woodall, 129 So.3d 294 (Ala.Civ.App.2013); see also Ex parte Terry, 957 So.2d 455 (Ala.2006) (stating that a claim that a court lacks subject-matter jurisdiction presents a question of law, which an appellate court reviews de novo).”
As discussed above, Williams’s October 3, 2013, postjudgment motion was denied by operation of law on October 17, 2013. “A notice of appeal from a judgment of a district court must be filed ‘within 14 days from the date of the- judgment or the denial of a posttrial motion, whichever is later.’ Ala.Code 1975, § 12-12-70(a).” McCaskill v. McCaskill, 111 So.3d 736, 737 (Ala.Civ.App.2012). Williams filed his notice of appeal to the circuit court on November 12, 2013, well over 14 days following the denial by operation of law of his October 3, 2013, postjudgment motion. Thus, that.notice of appeal was.untimely, and the circuit .court never acquired jurisdiction over Williams’s appeal. See Ryans v. State ex rel. Stoudmire, 963 So.2d 95, 96 (Ala.Civ.App.2007). Although the circuit court properly dismissed Williams’s appeal, Williams proceeded to file a post-judgment motion from that dismissal, and the circuit court purported to deny that postjudgment motion and to-award attorr nay’s fees as a sanction against Williams. Because the circuit, court never obtained jurisdiction over Williams’s appeal, however, it lacked jurisdiction to entertain any further motions, or pleadings. See Maclin v. Congo, 106 So.3d 405, 408 (Ala.Civ.App.2012). Thus, the circuit, court’s April 10, 2014, order is void. Id.
Based on the foregoing, we affirm the circuit court’s judgment dismissing Williams’s action for lack of subject-matter jurisdiction,. albeit with instructions to the circuit court to vacate its April 10, 2014, void order.
AFFIRMED WITH INSTRUCTIONS.
THOMPSON, P,J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The appellee’s brief was filed on behalf of only Capital One.