[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14143
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-01216-CLS


TROY T. WILLIAMS,

Plaintiff–Appellant,

versus

CAPITAL ONE BANK (USA) N.A.,
EQUIFAX INFORMATION SERVICES LLC,

Defendants–Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 4, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Troy Williams appeals the dismissal of his Fair Credit Reporting Act (FCRA) claims against Capital One Bank (USA), N.A., and the entry of summary judgment on his FCRA claims against Equifax Information Services, LLC. We affirm.

## I.

Several years before Williams filed his FCRA complaint, Capital One sued Williams in state court and obtained a default judgment against him in the amount of $4,078.83 plus costs and post-judgment interest. *See* Madison County, Alabama District Court Judgment, Dist. Ct. Dkt. 107 at 40; *see also Williams v. Capital One Bank (USA), N.A.*, 192 So. 3d 4, 5 (2015). Williams made several efforts to set aside the judgment, but his state-court filings were denied or dismissed for lack of jurisdiction. *Williams*, 192 So. 3d at 5–6.

In this lawsuit—his third try at suing Capital One in federal court—Williams alleged that Capital One violated the FCRA by providing inaccurate or incomplete information about the Alabama judgment to credit reporting agencies and failing to correct or withdraw the information once Williams disputed it. *See* 15 U.S.C. § 1681s-2(b)(1). Williams sued Equifax too, claiming that Equifax violated the FCRA by failing to "follow reasonable procedures" when reporting the judgment "to assure maximum possible accuracy" of its report, 15 U.S.C. § 1681e(b), and by failing to "conduct a reasonable reinvestigation to determine whether the

2

disputed information is inaccurate," and either "record the current status of the disputed information, or delete the item from the file" within 30 days after receiving notice of the dispute, 15 U.S.C. § 1681i(a)(1)(A).[1]

On appeal, Williams challenges the district court's rulings granting Capital One's motion to dismiss, denying Williams's motion to strike Equifax's answer, and granting Equifax's motion for summary judgment. We first address our jurisdiction, and then consider each ruling in turn.

II.

Before reaching the merits of Williams's claims, we must resolve the question of our subject-matter jurisdiction, and the jurisdiction of the district court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Both defendants argued that Williams's FCRA claims were barred by the *Rooker-Feldman* doctrine because they were really an impermissible collateral attack on the state court's civil judgment against him. We consider this issue de novo. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013).

The *Rooker-Feldman* doctrine is a recognition that federal appellate jurisdiction over state-court judgments is vested only in the Supreme Court. *See*

---

[1] Williams also brought related state-law claims against Equifax. But he has not challenged the district court's conclusions that (1) his state-law claims were preempted by the FCRA except to the extent that he alleged willful or malicious conduct; and (2) his allegations that Equifax acted willfully or maliciously could not survive summary judgment because he presented no evidence to support them. Williams has therefore abandoned his state-law claims. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

3

*Lance v. Dennis*, 546 U.S. 459, 463 (2006) (citing 28 U.S.C. § 1257). The doctrine prevents lower federal courts from exercising subject-matter jurisdiction over cases in which a litigant attempts to appeal a state-court judgment. *See id.*

Here, Williams sought damages against Capital One and Equifax for their alleged actions in listing the judgment on his credit report without verifying the basis for the judgment (namely, the amount of the underlying debt and the associated signed cardholder agreement), and for failing to immediately remove information about the judgment from his credit report when he disputed it. As we shall see, those claims fail as a matter of law—but the district court had jurisdiction to consider them. Where, as here, the plaintiff raises "an independent claim, even one that denies a state court's legal conclusion in a case to which the plaintiff was a party, there is jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282 (2005). The district court therefore correctly concluded that the *Rooker-Feldman* doctrine did not bar Williams's claim against Capital One, and erred when it when it relied on *Rooker-Feldman* as an alternative ground for granting Equifax's motion for summary judgment.[2]

---

[2] We recognize that once it concluded that it lacked subject-matter jurisdiction over Williams's claims against Equifax under the *Rooker-Feldman* doctrine, the district court should have dismissed Williams's complaint against Equifax for lack of jurisdiction rather than deciding the motion for summary judgment on the merits. *See Steel Co.*, 523 U.S. at 94–95. Nonetheless, because we conclude that *Rooker-Feldman* does not preclude lower-federal-court jurisdiction in this case, we proceed to the merits of the court's summary-judgment ruling.

III.

A.

In his second amended complaint, Williams claimed that Capital One violated 15 U.S.C. § 1681s-2(b), which sets out the duties "of furnishers of information upon notice of dispute." The district court dismissed Williams's claims against Capital One, finding that Williams failed to plausibly allege that Capital One furnished the disputed information about its state-court judgment against Williams. We review the dismissal de novo, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015).

But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). And in order to state a plausible claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A

5

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

The FCRA requires that, once a credit reporting agency provides notice "of a dispute with regard to the completeness or accuracy of any information *provided by a person* to a consumer reporting agency, *the person shall*" take certain enumerated actions. 15 U.S.C. § 1681s-2(b)(1) (emphasis added). By its plain terms, therefore, the statute requires action only by the person who provided the challenged information to the credit reporting agency. Although Williams alleged in his pleading that Capital One furnished incomplete or inaccurate information to Equifax about the Alabama civil judgment it had obtained against him, he also attached to his complaint a copy of his Equifax credit report, which showed that Equifax obtained information about the judgment "from local, state and federal courts through a third party vendor, LexisNexis"—not Capital One. When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor*

6

*Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). And when documents attached as exhibits in support of a complaint contradict the factual allegations in the pleading, the exhibits control. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

Because Williams's complaint contained no plausible allegation that Capital One had furnished the disputed information in the first place, he failed to state a claim against Capital One as a "furnisher of information." The district court therefore did not err in granting Capital One's motion to dismiss. [3]

## III.

## A.

Turning to Williams's claims against Equifax, Williams first argues that the district court abused its discretion by denying his motion to strike Equifax's answer to his initial complaint. Williams contends that the district court should have granted the motion as a sanction for Equifax's failure to respond to the motion as ordered. We have jurisdiction to review the interlocutory order denying

---

[3] In any event, Williams does not challenge the district court's finding that Capital One was not liable under § 1681s-2(b) because it was not a "furnisher of information" within the meaning of the statute. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Williams's motion to strike because "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989).

A district court has the power to strike a pleading as a sanction for failure to obey court orders, as part of its inherent "authority to enforce its orders and ensure prompt disposition of legal actions." *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). This Court reviews the district court's exercise of that power for an abuse of discretion. *Id.* "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoting *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

The district court's decision not to strike Equifax's answer as a sanction for failing to respond to Williams's motion was well within its discretion. Although a district court may sanction a party for failing to comply with a court order, it is not required to do so. There was no showing that Equifax's failure to respond was willful, Williams did not ask the district court to sanction Equifax for not responding as ordered, and because the district court ruled on the motion to strike without waiting for a response, the failure to respond did not cause any delay.

8

B.

Williams also argues that the district court erred in granting Equifax's motion for summary judgment on his FCRA claims. We review a district court's grant of summary judgment de novo. *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1263 (11th Cir. 2008). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Summary judgment is mandated under Rule 56, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Williams alleged that Equifax violated the FCRA by failing to "follow reasonable procedures to assure maximum possible accuracy of the information" in his credit report, as required by 15 U.S.C. § 1681e(b). To make a prima facie case

for an alleged violation of § 1681e(b), "a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). If the consumer "fails to satisfy this initial burden," summary judgment is warranted as a matter of law. *Id.*

This Court has not yet determined whether the Act requires only technical accuracy, or whether—as the requirement for "maximum possible accuracy" at least implies—a CRA may be liable if it "reported factually correct information that could also be interpreted as being misleading or incomplete." *Id.* at 1157; *see Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1281 (11th Cir. 2017) (stating in dicta that "the better reading of the Act requires that credit reports be both accurate and not misleading."). We need not reach that issue here, however, because Equifax's reporting of the judgment against Williams was neither inaccurate nor misleading. There is no question that Capital One obtained a judgment against Williams in the amount of $4,078.83, plus costs and post-judgment interest. Equifax's report listed the judgment in a section titled "Public Record Information" and provided accurate information about the judgment, including the court, the date of the judgment, the case number, the amount of the judgment (rounded down to $4,078), and the names of the parties. *See* Dist. Ct. Dkt. 58 at 17 (Williams Complaint Affidavit Exh. C). Equifax did not represent in its report that the judgment accurately

10

reflected a debt owed by Williams, nor was it misleading to report the judgment without verifying the basis for the underlying debt.  It is in the nature of a civil judgment that the party against whom the judgment was entered may dispute the basis for the judgment or the amount awarded; thus, reporting the judgment without obtaining and verifying the cardholder agreement did not also constitute a representation that the credit card debt on which the judgment was based was undisputed.

The fact that Equifax accurately recorded and reported the judgment against Williams also dooms his claim under § 1681i(a).  A claim under § 1681i(a) "is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry."  *Cahlin*, 936 F.2d at 1160 (emphasis in the original).  Here, as in *Cahlin*, "no amount of reasonable investigation on the part of [Equifax] could have uncovered any inaccuracy in [Williams's] report because there was never any factual deficiency in the report." *Id.* at 1160.  Equifax was not required to investigate the credit card debt that gave rise to the judgment in order to verify the information in its report, when the report accurately identified the item as a civil judgment and not as the original debt on the credit card account.  Accordingly, Equifax was entitled to summary judgment on Williams's FCRA claims.

11

IV.

The district court did not err in granting Capital One's motion to dismiss because Williams's Second Amended Complaint failed to state a claim against Capital One as a "furnisher of information" under the FCRA.  The court acted within its discretion in denying Williams's motion to strike Equifax's answer, and it correctly granted Equifax's motion for summary judgment on Williams's FCRA claims when Williams failed to prove that Equifax included inaccurate or misleading information in his credit report.  We therefore affirm.

**AFFIRMED.**