Rel: April 11, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————————

### CL-2025-0133

————————————————

**Ex parte Danny Rogers**

**PETITION FOR WRIT OF MANDAMUS**

**(In re: United Services Automobile Association**

**v.**

**Jefferson County Sheriff's Office)**

**(Jefferson Circuit Court: CV-23-903923)**

MOORE, Presiding Judge.

Danny Rogers petitions this court to issue a writ of mandamus to the Jefferson Circuit Court ("the circuit court") directing it to dismiss the underlying action. We grant the petition.

## Background

On November 1, 2023, respondent United Services Automobile Association ("USAA"), as subrogee of Stella Grenier, filed a complaint against only the Jefferson County Sheriff's Office ("the JCSO"). In the complaint, USAA alleged that Rogers, while acting in the line and scope of his employment as a deputy for the JCSO, had negligently operated the motor vehicle that he had been driving so as to cause it to collide with a motor vehicle that was owned by Grenier and was insured by USAA. USAA sought an amount less than $50,000 for the damages caused to Grenier's vehicle.

On November 20, 2023, the JCSO filed a motion to dismiss for failure of the complaint to state a claim upon which relief could be granted against a proper legal entity. See Rule 12(b)(6), Ala. R. Civ. P. On November 25, 2023, USAA filed an amended complaint naming Rogers as an additional defendant and asserting that the JCSO was liable for the property damage to Grenier's vehicle pursuant to the theory of respondeat superior. On November 27, 2023, the JCSO filed a second motion to dismiss, asserting, in addition to the previously stated ground, that Rogers and the JCSO were immune from suit under the doctrine of

2

sovereign immunity. See Ala. Const. 2022, Art. I, § 14 ("That the State of Alabama shall never be made a defendant in any court of law or equity."). On November 8, 2023, after USAA filed a motion to the dismiss the JCSO without prejudice, the circuit court entered an order dismissing the JCSO as a party to the action, leaving Rogers as the sole defendant.

On January 8, 2024, after Rogers was served with the complaint, he filed a motion to dismiss based on the doctrine of sovereign immunity. On September 23, 2024, USAA, with the permission of the circuit court, filed a second amended complaint, deleting the claims against the JCSO and the claim that Rogers had been acting in the line and scope of his employment at the time of the motor-vehicle accident. On September 25, 2024, Rogers filed a motion to dismiss the second amended complaint. In that motion, Rogers asserted that the original complaint filed by USAA had not invoked the subject-matter jurisdiction of the circuit court and that all subsequent pleadings were therefore void. See Double B Country Store, LLC v. Alabama Dep't of Transp., 171 So. 3d 28 (Ala. Civ. App. 2015). Rogers also asserted that the negligence claim against him was barred by the doctrine of sovereign immunity. On December 20, 2024, the circuit court denied Rogers's motion to dismiss. On January 17, 2025,

3

Rogers timely filed this petition for the writ of mandamus with the Alabama Supreme Court, which transferred the petition to this court. See Ala. Code 1975, § 12-1-4.

## Issue

Rogers argues that the circuit court erred in not dismissing the second amended complaint because, he says, (1) the original complaint did not invoke the subject-matter jurisdiction of the circuit court, and, thus, all subsequent amendments were void, and (2) the second amended complaint was barred by the doctrine of sovereign immunity. We find the first argument dispositive of this appeal, so we do not address the second argument.

## Standard of Review

A petition for the writ of mandamus is an appropriate vehicle for reviewing an adverse ruling on a motion to dismiss for lack of subject-matter jurisdiction. See Ex parte Vega-Lopez, 297 So. 3d 1273 (Ala. Civ. App. 2019).

> "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of

4

another adequate remedy; and (4) properly invoked jurisdiction of the court."

Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

Analysis

In the original complaint, USAA named only the JCSO as a defendant.  Under Alabama law, a sheriff's department or sheriff's office is not a legal entity subject to suit.  See Ex parte Haralson, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit.").  A complaint against a nonentity is a nullity that does not invoke the subject-matter jurisdiction of the circuit court.  See Maclin v. Congo, 106 So. 3d 405, 408 (Ala. Civ. App. 2012) (holding that complaint that was filed against deceased person did not invoke jurisdiction of court).  "Where a suit is brought against an entity which is legally nonexistent, the proceeding is void ab initio ...."  Oliver v. Swiss Club Tell, 222 Cal. App. 2d 528, 537, 35 Cal. Rptr. 324, 329 (Ct. App. 1963).  The circuit court "had no jurisdiction to entertain an amendment of the complaint or any further motions or pleadings; it was required to dismiss the action for lack of subject-matter

5

jurisdiction." <u>Maclin</u>, 106 So. 3d at 408 (citing <u>Ex parte Owens</u>, 65 So. 3d 953, 955-56 (Ala. Civ. App. 2010)).

Because the circuit court lacked subject-matter jurisdiction, Rogers had a clear legal right to a dismissal of the action. The circuit court refused to perform its mandatory duty to dismiss the action when it denied Rogers's second motion to dismiss. Rogers has no other adequate remedy to redress that error, and he has properly invoked the jurisdiction of this court. Therefore, we grant the petition for the writ of mandamus and direct the circuit court to vacate its December 20, 2024, order denying the motion to dismiss and to enter a new order granting the motion.

PETITION GRANTED; WRIT ISSUED.

Edwards, Hanson, Fridy, and Lewis, JJ., concur.